IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                  CIV. NO. S-09-1852 JAM GGH

    vs.

JOSEPH J. DEKELLIS,

    Defendant.                               ORDER

_____/

        On September 8, 2010, findings and recommendations were issued, granting the government's cross-motion for summary judgment except for the amounts due and owing as a result of defendant's default on the Smart Loan at issue. The government was directed to file a supplemental motion for summary judgment on this issue. Those findings and recommendations were adopted by the district court on November 10, 2010.

        The government filed its supplemental motion for summary judgment on October 6, 2010. After defendant filed an opposition, the government filed a reply and notice of modified computation of debt. Having now reviewed those filings, the court issues the following order.

        Defendant's opposition seeks a denial of plaintiff's motion or in the alternative, a continuance for 180 days so that he can conduct discovery on a large offset he believes was assigned to him in the early 2000's. Defendant's request is construed as a motion for leave to

1 conduct additional discovery pursuant to Fed. R. Civ. P. 56(f).

2       Fed. R. Civ. P. 56(f) provides,

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).

      Here, defendant sets forth the government's failures to identify various tax offsets which should have been credited to him. In its original summary judgment motion, the government did not acknowledge any offsets or payments made by plaintiff toward the loan at issue. (Dkt. #36.) After being informed by the undersigned that defendant had raised issues of fact with respect to payments made prior to his default, as well as government forfeiture of monies due to DeKellis, the government, in its supplemental motion has now acknowledged receiving 22 payments from Mr. DeKellis before his default in the total amount of $5,628.64. The government also acknowledged receiving five payments in the form of tax offsets for a total of $2,160.06. (Pl.'s Supp. MSJ, Hom Decl. ¶¶ 8, 10.) Defendant's opposition included an exhibit pointing to another offset in the amount of $1,356, which had not yet been acknowledged by the government. (Def.'s Opp., Ex. A.) In response, the government filed a modified computation of debt based on plaintiff's exhibited offset.

      Defendant's argument in favor of a continuance is that there were more administrative tax offsets assigned to the government, and in particular a large offset in the early 2000's in the approximate amount of $10,000. This statement is made under penalty of perjury. (DeKellis Decl., ¶ 3.) This statement is the sum total of defendant's specified reasons in support of a continuance. Although it might ordinarily not be sufficient to grant such a continuance, the government's failure to recognize numerous payments and offsets on at least two occasions

provides the good cause for a continuance.

        Accordingly, IT IS ORDERED that:

  1. Defendant's declaration, filed October 21, 2010 (dkt. #46), construed as a motion for additional discovery pursuant to Rule 56(f), is granted.

  2. Defendant is granted until April 29, 2011 to file an opposition to plaintiff's supplemental motion for summary judgment.

  3. The government may file a reply within seven days thereafter.

DATED: 11/23/2010

                              /s/ Gregory G. Hollows

                              GREGORY G. HOLLOWS
                              U. S. MAGISTRATE JUDGE

GGH:076:USDeKellis.supp.wpd